**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DANIEL HARVEY,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 4:19-cv-522-O** |
| | § | |
| **CONGRESSIONAL MAJORITY** | § | |
| **LEADERS, Et Al.,** | § | |
| | § | |
| **Respondents.** | § | |

## OPINION AND ORDER

Before the Court is Daniel Harvey's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Pet. 1–6, ECF No. 1. After preliminary review of the pleading and the applicable law, the Court **DISMISSES** Harvey's § 2241 petition for lack of jurisdiction.

**I.     BACKGROUND**

Petitioner Harvey initiated this case with the filing of a document in which he contends that he is entitled to relief under 28 U.S.C. § 2241. Pet. 2, ECF No. 1. Harvey writes

> This is to be construed as a petition for habeas corpus (which is my right when I'm imprisoned or circumstances are the same as being imprisoned which is the case here). 28 U.S. Code 2241. The abnormal circumstances under which I'm filing this petition as a non-prisoner has to do with various factors (but my circumstances are ths same as a prisoner). Below I will furnish a hypothetical situation in which will provide the court with my reasoning and my need to seek relief (asylum) in an American allied country because currently the United States of America does not regulate, through taxation and other legislative means this behavior that America's citizens at work, home, and otherwise has a motive to gain income (enslave) off of other less fortunate citizens and is very wide-spread (in every state and city that I have ever been in and probably throughout the entire united states of America) throughout America and American life and is within every aspect of American life. Including and not limited to employment, personal relationships, at school,

regarding child custody, marriage and every interaction.

Pet. 2, ECF No. 1. Harvey also writes that those responsible for his "imprisonment" include: the "president of the united states because he is the head of the executive branch of government that is responsible for foreign policy," [and] "the head of the judicial branch of government the chief justice of the supreme court and lastly the congressional majority leaders in congress." Pet. 5, ECF No. 1. Harvey listed as his address a street address in Saginaw, Texas. Pet. 1, ECF No. 1.

## II.      ANALYSIS

### A.      Subject Matter Jurisdiction

This Court has the duty to assure that it has jurisdiction over the matters before it. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter. FED. R. CIV. P. 12(h)(3); *see Merlen v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) ("Dismissal is mandatory if the district court lacks subject matter jurisdiction") (citation omitted). Harvey's petition under 28 U.S.C. § 2241 is insufficient to confer federal jurisdiction.

28 U.S.C. § 2241 authorizes  federal courts to grant writs of habeas corpus when a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Custody is a necessary pre-requisite to habeas jurisdiction under 28 U.S.C. § 2241. *Romo-Briones v. Ridge*, No.3:04-cv-524-M, 2004 WL 2645553, at * 5 (N.D. Tex. Nov. 18, 2004), *R & R adopted*, 2004 WL 2988541 (Dec. 22, 2004). The sole function of the writ of habeas corpus is to

grant relief from unlawful imprisonment or custody. *Id.* "Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ." *See Prieto v. Gluch*, 913 F.2d 1159, 1162–63 (6th Cir. 1990) (quoting *Campillo v. Sullivan*, 833 F.2d 593, 595 (8th Cir. 1988)). Thus, a person seeking a writ of habeas corpus must be "in custody" at the time the habeas petition is filed.

Harvey, as the petitioner, has the burden to show that this Court has jurisdiction over this matter. *See Howery v. Allstate Ins. Co.* 243 F.3d 912, 916 (5th Cir. 2001). But at the time of the filing of the instant § 2241 petition, Harvey resided in Saginaw, Texas. Pet. 1, ECF No. 1. Harvey does not actually challenge imprisonment or custody in any prison, jail, or detention facility, he does not challenge any order causing him to be subject to future detention, and he does not seek relief from any imprisonment or from any such order. Pet. 2–5, ECF No. 1. Thus, as Harvey is not in custody for purposes of § 2241, the petition must be dismissed for lack of jurisdiction.[1]

## III.    CONCLUSION and ORDER

It is therefore **ORDERED** that Daniel Harvey's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction**.**

**SO ORDERED** on this **8th day** of **July, 2019.**


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[1]As the Court has determined that it lacks jurisdiction, the motion to proceed in forma pauperis (ECF No. 2) must be **DISMISSED**.